## THE JOHN R. BERGEN.

(District Court, S. D. New York. April 9, 1903.)

1. SEAMEN—EXTRA WAGES FOR WRONGFUL DISCHARGE.
   The right of a seaman to recover a month's extra wages, under Rev. St. § 4527 [U. S. Comp. St. 1901, p. 3077], on his discharge without his consent or fault on his part before a month's wages have been earned, is waived by his acceptance of a new employment obtained for him by the owner, which is equivalent to the one from which he was discharged.

In Admiralty. Action for seaman's wages.

George C. Bodine, for libelant.
Owen & Sturges, for claimant.

ADAMS, District Judge. This is an action brought to recover $40, being one month's seaman's wages under section 4527, Rev. St. [U. S. Comp. St. 1901, p. 3077), which provides:

"Sec. 4527: Any seaman who has signed an agreement and is afterward discharged before the commencement of the voyage or before one month's wages are earned, without fault on his part justifying such discharge, and without his consent, shall be entitled to receive from the master or owner, in addition to any wages he may have earned, a sum equal in amount to one month's wages as compensation, and may, on adducing evidence satisfactory to the court hearing the case, of having been improperly discharged, recover such compensation as if it were wages duly earned."

There is no dispute about the main facts, which have been agreed upon as follows:

"Libellant is a seaman, sailing as first mate. On August 12th, 1902, in this port of New York, he was engaged by C. B. Parsons, managing owner of the schooner 'John R. Bergen,' then lying in Fairport, Virginia, to make a voyage on said vessel as first mate, from said port of Fairport to Savannah, Ga., thence coast-wise to such other ports or places, as the master might direct and back to a final port of discharge in the United States, North of Cape Hatteras, for a term of time not exceeding three calendar months, wages at the rate of Forty Dollars ($40) per month. Libellant signed the customary shipping articles to perform the voyage above stated. Pursuant to written instructions from the managing owner, libellant left New York via the B. & O. R. R. for Baltimore, on August 13th, 1902, with orders to proceed thence to Reedville, Va., thence to Fairport where the schooner was lying. His railroad fare was paid by said C. B. Parsons. Immediately after libellant's departure from New York, C. B. Parsons received a telegram from the master of the vessel that he would sail on the eve of the 13th. Mr. Parsons immediately wired his Baltimore agents, Messrs. Claridge & Woodall to intercept libellant at Baltimore, inform him of the facts and either procure him another situation or return him to New York as he might prefer. In accordance with this wire libellant was stopped at Baltimore, and discharged from the employ of the schooner and her owners. A day or so later he shipped at the same rate of wages as first mate of the schooner 'Mary Curtis' then lying in Reedville, Va., and signed articles for a voyage practically about the same as that which he was to have made on the schooner, 'John R. Bergen.' This voyage he made and was paid off in full. When libellant was discharged in Baltimore from the employ of the schooner 'John R. Bergen' he had in possession a small amount of money belonging to the owners which was given him to pay his railroad fare from Baltimore to Reedville. This amount is conceded to be equivalent to the two days' wages then due him. He has never receipted for wages or signed clear of the 'John R. Bergen.' If libellant was examined he would have testified he in no way consented to his discharge.

This libel is filed under section 4527, Rev. St. U: S., to recover one month's extra pay to wit: the sum of Forty Dollars as provided by said Section."

The evidence shows that the claimant's agents obtained the new employment for the libellant and that he accepted the same through them. Assuming that the statute became immediately operative upon the libellant's discharge and he became entitled to a month's wages, his right was one which he could waive for a sufficient consideration and the acceptance of the new employment, which was in every respect

equal to that from which he was discharged, must be regarded as a relinquishment of his right to resort to the statute.

Libel dismissed, without costs.