**Frederick SALYER, Libellant,**

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC., Respondent.**

**No. 65 Ad. 103.**

United States District Court
S. D. New York.

June 2, 1966.

Abraham E. Freedman, New York City, for libellant.

Lorenz, Finn & Giardino, New York City, for respondent.

OPINION

McLEAN, District Judge.

This is a suit in admiralty by a seaman to recover one month's wages pursuant to 46 U.S.C. § 594. Libellant moves for summary judgment.

Certain facts appear to be undisputed. The affidavits show that on December 11, 1964, respondent asked the union to supply it with a seaman for the S.S. "Flying Clipper." Libellant was given the assignment by the union. He signed the shipping articles on that day. Respondent told him to report aboard ship at 9:00 P.M. that evening. Libellant went to the pier at approximately 6:30 P.M. and found that the ship had sailed without him. Apparently the employee of respondent who gave him instructions to report at 9:00 P.M. made an error as to the time when the vessel would sail.

From this point on, some of the facts are in dispute. Respondent appears to have made another mistake on the same day with respect to another seaman, DeOsca, who respondent erroneously believed had failed to report for duty on the

vessel. The vessel sailed without De-Osca also. The union then immediately made a demand for arbitration of De-Osca's claim. The arbitrator decided in favor of the union and directed respondent to fly DeOsca to Barcelona to join the vessel there.

According to respondent, the union also at the same time made a claim before the arbitrator on behalf of libellant for 30 days' pay. Respondent asserts that when it discovered the mixup, it offered libellant employment on another of respondent's vessels, the "Flying Eagle," and that libellant accepted that employment on December 15, 1964, served on that vessel for some four months and was paid full wages for that service. Respondent contends that this satisfied libellant and the union and that the union accordingly withdrew libellant's claim.

The arbitrator's memorandum dated December 16, 1964 lends some support to respondent's position. It states that the union made a demand on behalf of libellant for thirty days' pay and later withdrew it.

Libellant, on the other hand, although apparently conceding that he was employed on the "Flying Eagle," denies that he made any claim before the arbitrator for thirty days' wages, and denies that he settled his claim by accepting this other employment.

There is authority to the effect that a seaman may waive his claim under Section 594 by accepting new employment with the same employer. The John R. Bergen, 122 F. 98 (S.D.N.Y.1903). See Moore v. Marine Transport Lines, Inc., 1950 Am.Mar.Cas. 1592, 1594 (S.D.Texas 1950).

There is a genuine issue of fact as to whether libellant waived his claim in the present case. Consequently, summary judgment may not be granted. Under these circumstances, it is unnecessary to decide whether, as respondent contends, the incident involved in this case did not amount to a discharge without the consent of libellant, within the meaning of the statute.

Motion denied. So ordered.